SUAREZ, Judge.
The defendant appeals the denial of his motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
The defendant’s motion asserts that he should receive a new trial based on (1) newly discovered evidence, and (2) ineffective assistance of trial counsel.[1] He was convicted at trial of unlawful possession of a firearm or weapon by a convicted felon, and pled nolo contendere to charges of carrying a concealed firearm, resisting an officer with violence, and unlawful possession of cannabis. At trial, two police officers testified that, during the police chase of the defendant, they witnessed him dispose of a gun by throwing it against a fence. A crowd of twenty to twenty-five people witnessed the incident. This Court affirmed the conviction on direct appeal in 1998. Defendant then filed his first post-conviction motion claiming ineffective assistance of counsel. This Court affirmed the trial court’s denial of that motion. In 2003, he filed the present post-conviction motion claiming newly discovered evidence and, once again, ineffective assistance of counsel. He filed an amended motion in 2004, to which he attached affidavits from two witnesses who claimed to have witnessed the chase and to have seen another individual throw down the gun that the defendant was accused of possessing.
The trial court, conducted an evidentiary hearing at which the two witnesses testified. The court denied the defendant’s motion, finding that the two witnesses’ testimony was not credible and that the testimony would not probably produce an acquittal on retrial. The trial court also *409 denied, without a hearing, the defendant’s allegation that trial counsel provided ineffective assistance. We affirm the trial court’s rulings.
The two witnesses’ testimony is not “newly discovered” evidence for the purposes of post conviction relief. To qualify as newly discovered evidence, the evidence must have been unknown by the trial court, by the party, or by the counsel at the time of trial, and it must also appear that the defendant or his counsel could not have known about the evidence by exercising diligence. Jones v. State, 591 So.2d 911 (Fla.1991). The defendant argues that, had his attorney properly prepared for trial, he would have visited the scene and located the two witnesses in question. The defendant has defeated his claim of newly discovered evidence by conceding that his attorney could have located these witnesses through diligent investigation at the time of trial. By definition, then, the evidence does not qualify as “newly discovered” for post conviction purposes and the trial court was correct in denying the motion. See Downs v. State, 740 So.2d 506 (Fla.1999) (holding that evidence that the defendant knew about at the time of trial is “by definition” not “newly discovered”).
Even if the two witnesses had qualified as newly discovered evidence, the defendant’s claim would still fail because the testimony would not probably produce an acquittal on retrial. The witnesses both claimed to have been at the scene of the incident. One of the witnesses testified at the evidentiary hearing that he knew the defendant at the time of the incident and knew the name of the person he allegedly witnessed throw down the weapon but failed to provide that information to anyone until after he “ran into” the defendant while both were inmates in prison. However, neither of the witnesses came forward until almost two years after the defendant was convicted and after he had filed this post-conviction motion. We find there was substantial competent evidence for the trial court to find that this evidence is not of a nature that would probably produce an acquittal on retrial. Rutherford v. State, 926 So.2d 1100 (Fla.2006). Therefore, we affirm the trial court’s denial of the defendant’s claim for relief based on newly discovered evidence.
We also affirm the trial court’s summary denial of the defendant’s claims that his trial attorney was ineffective for failing to conduct adequate pretrial investigation. These claims are time-barred because they were filed more than two years after the defendant’s conviction and sentence became final. Fla. R.Crim. P. 3.850(b). Accordingly, the trial court did not err by denying these claims without an evidentiary hearing.
Affirmed.

. The defendant filed the present motion beyond rule 3.850's two-year time limit. ■ He relies upon a claim of newly discovered evidence to avoid the rule’s time bar.